UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GORDON PICKETT

                      Petitioner,                MEMORANDUM AND ORDER

   -versus-

                                                   12 CV 5237 (JG)

UNITED STATES OF AMERICA,

                      Respondent.
-----------------------------------------------------------------X

JOHN GLEESON, United States District Judge

        On October 15, 2012, Petitioner Gordon Pickett filed the instant *pro se* motion for habeas relief under 28 U.S.C. § 2255 ("§ 2255").[1]  Because I find that this is a successive petition for habeas relief, this petition is hereby transferred to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631. *See Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996) (per curiam).

## BACKGROUND

        Pickett was convicted by a jury on July 31, 2008 on eight counts of an indictment relating to his production and possession of counterfeit credit cards and identification cards.  He was sentenced on January 23, 2009 to a total term of imprisonment of 168 months.  Judgment and sentence were entered on February 18, 2009, and an Amended Judgment was entered on May 1, 2009.  Pickett appealed his conviction to the Second Circuit, which affirmed on July 20, 2010. *United States v. Pickett*, 612 F.3d 147 (2d Cir. 2010) and *United States v. Pickett*, 387 Fed. Appx. 32, 2010 WL 2836702 (2d Cir. July 20, 2010).  On September 7, 2010, Pickett filed a motion to vacate his conviction and sentence pursuant to § 2255.  I denied the motion on

---

[1] On November 5, 2012, Pickett filed a motion to amend his § 2255, including additional legal argument in support of his petition. ECF No 3.

December 15, 2010. *Pickett v. United States*, No. 10 cv 4121 (E.D.N.Y. Dec. 15, 2010), and the Second Circuit dismissed his appeal and denied a certificate of appealability on June 1, 2011; the Mandate issued on August 9, 2011.

On January 26, 2012, Pickett filed a motion with the Second Circuit for permission to bring a successive petition pursuant to § 2255. He argued that the Supreme Court's holding in *United States v. Jones*, 132 S. Ct. 945 (Jan. 23, 2012) – that the warrantless installation of a GPS tracking device on a suspect's car violated the Fourth Amendment – should be retroactively applied to his case. The Second Circuit denied the motion, finding that Pickett had "not shown that his claims rely on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Pickett v. United States*, No. 12-340-op (2d Cir. May 25, 2012) (*citing* 28 U.S.C. § 2255(h)(2)). He simultaneously attempted to challenge his conviction by filing a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey. That court denied his dismissed the motion for lack of jurisdiction. *Pickett v. United States*, Civil No. 12-2239 (RBK), 2012 WL 1909358 (D.N.J. May 24, 2012), reconsideration denied, 2012 WL 5199142 (D.N.J. Oct. 18, 2012).[2]

Pickett filed the instant motion to vacate pursuant to § 2255 on October 15, 2012. He raises many of the claims previously raised in his motion before the Court of Appeals, i.e. that the retroactive application of *Jones*, 132 S. Ct. at 945, would make his conviction unconstitutional.

---

[2]   Petitioner also filed additional post-conviction motions in an attempt to recover forfeited funds. *See United States v. Pickett*, No. 07 cr 117 (JG), 2012 WL 694712 (E.D.N.Y. March 1, 2012) and 2011 WL 3876974 (E.D.N.Y. Sept. 1, 2011); *Pickett v. United States*, No. 10 CV 5469 (JG).

## DISCUSSION

Title 28, Section 2255 of the United States Code contains several gatekeeping provisions, including strict requirements for bringing successive habeas petitions.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Thus, only the Court of Appeals, not this Court, may certify whether a second or successive petition "presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). Accordingly, the Clerk of Court is directed to transfer this motion to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *See Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996) (per curiam). This order closes this case.[3] If the Second Circuit authorizes Petitioner to proceed in this matter, he shall move to reopen under this docket number.

So ordered.

_____
JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
November 7, 2012

---

[3] Accordingly, Petitioner's Motion to Compel Discovery is also denied. ECF No 4.

3